No. 4862.

(Court of Appeal, Parish of Orleans.)

## CENTRAL GLASS COMPANY, LIMITED vs. UNITED CONSTRUCTION COMPANY.

Lazarus, Michel & Lazarus for plaintiff and appellant.

L. R. Hoover for defendant and appellee.

DUFOUR, J.—The defendant having obtained from the City of New Orleans the contract to erect certain school houses, awarded the sub-contract for the glass work to the Central Glass Company, Limited.

Upon completion of the sub-contract, the work was rejected and the School Board retained the amount remaining due thereon.

Thereupon, the plaintiff, alleging that it made a contract to glaze under specifications that, "the glass throughout was to be of the best quality American Cylinder glass, free from any and all defects," and that it had complied with the contract in all respects, sued to recover the amount due it, $1077.38.

— 367 —

Defendant denies liability and avers that, under the specifications, plaintiff is bound by the architects' refusal to accept the work and that repeated demands have without avail been made on plaintiff to replace the defective and stained glass.

Much testimony has been taken in this case, which we find it necessary to refer to.

Manufacturers and dealers in glass, chemists and architects figure among the witnesses, and shed very little light on the subject.

That the manner in which the ingredients are chemically mixed affects the result is true, that climatic conditions may also at times stain or burn the glass may also be true. Perhaps in this case both causes have contributed to the injury. But the fact remains that the very large majority of the panes of glass in the building were perfect; this destroys plaintiff's assumption that its obligation to furnish glass free from any and all defects is an impossible condition under the terms of **Arts. 2031, 2032 and 2033 R. C. C.** All it need do in order to comply with its obligation is to put, in lieu of the imperfect glass glass similar to that which has stood the test and been accepted.

Unless and until this is done, he can not recover the contract price, and we should be compelled to affirm the judgment of non-suit.

But in order to save time and future costs and acting upon a suggestion made by the court, a stipulation has been presented here by the parties that the sum of $268 be retained out of the gross amount due plaintiff, as the amount found necessary to replace the defective glass.

Under the stipulation the costs of the appeal is to be borne by the Central Glass Company and, as it escapes a non-suit, it should bear the costs of the lower Court also.

Judgment reversed, and judgment is now rendered in favor of plaintiff, the Central Glass Company, Limited, and against the United Construction Company in the sum of Eight Hundred and Nine Dollars and Thirty-eight cents ($809.38), with legal interest from date of this decree, and, for reasons stated above, the Central Glass Company, Limited, to pay costs of both courts.

March 7, 1910.

Rehearing granted March 21, 1910.

## On Rehearing.

DUFOUR, J.—The judgment as rendered by this Court on March 7, 1910, is amended so as to read:

"Judgment reversed, and judgment is now rendered in favor of the plaintiff, Central Glass Company, Limited, and against the United Construction Company, in the sum of $809.38, with legal interest thereon from the date of this decree, for which amount execution may issue.

"It is further ordered, adjudged and decreed, that the Central Glass Company, Limited, shall have the right to replace, in accordance with the conditions of the contract, the glass in the buildings named and designated in the blue prints filed in the record; that the glass so substituted by the Central Glass Company, Limited, for the glass removed shall be the best quality of American Cylinder Glass, free from all defects, and upon the approval thereof of the architect in charge, they shall have further judgment against the defendant company for the sum of $268.00, with interest thereon from the date of this decree.

"It is further ordered, adjudged and decreed, that if the Central Glass Company, Limited, elects not to remove the glass and substitute therefor glass of the best quality American Cylinder Glass, free from de-

fects, as provided for in this decree and as conditioned therein, and the Central Glass Company, Ltd., shall, in writing, notify the defendant within ninety-days from the date of this decree that it does not intend to substitute the glass of the character demanded by the contract and provided for herein, then the Central Glass Company, Limited, shall have the privilege of removing the glass from the buildings designated in the blue prints on file and of record, and the United Construction Company, defendant herein, shall have the privilege of replacing said glass so removed, by the substitution thereof of the quality of glass provided for in the decree and the contract, and it shall account to the Central Glass Company, Limited, for the difference between the amount withheld under this decree, to-wit, the sum of $268.00, and the actual cost for the replacing of said glass, as provided for in the contract and in this decree.

"It is further ordered, for the reasons assigned in the opinion of the Court, the Central Glass Company, Limited, pay the costs in both courts."

"It is further ordered, adjudged and decreed, that the decree as thus amended be now adjudged finally as the decree of this Court."